IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TERRENCE GORE,<br><br>        **Plaintiff,**<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC.,<br><br>        **Defendant.** | Case No.: 3:23-cv-00683-L-BH |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant LexisNexis Risk Solutions Inc. ("LNRS"), by counsel, submits this Answer to Plaintiff Terrence Gore's ("Plaintiff") Original Petition ("Complaint"). Doc. No. 1-2. LNRS denies all allegations in the Complaint that it does not explicitly admit. LNRS responds to each numbered paragraph as follows:

**PLAINTIFF'S INTRODUCTION**

LNRS admits that Plaintiff purports to bring this action against LNRS for alleged violations of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §§ 17.41–17.63 ("DTPA") and Texas Consumer Credit Reporting Agencies Act Tex. Bus. & Com. Code §§ 20.01 *et seq.* ("TCCRA"). LNRS denies the remaining allegations in the Introduction section of Plaintiff's Complaint and denies any alleged violation of the DTPA or TCCRA.

**JURISDICTION AND VENUE**

1.     No answer is necessary to the allegations in paragraph 1 of Plaintiff's Complaint because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. *See* Dec.'s Notice of Removal, Dkt. Nos. 1, 10.

2. No answer is necessary to the venue allegations in paragraph 2 of Plaintiff's Complaint because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied. LNRS denies the allegations in paragraph 2 relating to Plaintiff's place of residence for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

### PLAINTIFF'S "DISCOVERY CONTROL PLAN AND RULE 47 DISCLOSURE"

3. LNRS admits that Plaintiff seeks only monetary relief of $100,000 or less. LNRS denies that Plaintiff is entitled to any relief. LNRS denies any remaining allegations in paragraph 3 of Plaintiff's Complaint

4. No answer is necessary to the allegations in paragraph 4 of Plaintiff's Complaint because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

5. No answer is necessary to the allegations in paragraph 5 of Plaintiff's Complaint because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

### PARTIES

6. No answer is necessary to the allegations in paragraph 1 of Plaintiff's Complaint because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

7. LNRS admits its registered agent is CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

8. No answer is necessary to the allegations in paragraph 8 of Plaintiff's Complaint because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

9. LNRS denies the allegations in paragraph 9 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

10. LNRS denies the allegations in paragraph 10 of Plaintiff's Complaint. LNRS is not a debt collector as alleged in paragraph 10 of Plaintiff's Complaint.

11. LNRS denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. LNRS denies the allegations in paragraph 12 of Plaintiff's Complaint.

## PLAINTIFF'S BACKGROUND AND GENERAL ALLEGATIONS

13. LNRS admits that Plaintiff purports to bring this action against LNRS for alleged violations of the DTPA and TCCRA. LNRS denies subparts "A)," "B)" and "C)" of paragraph 13 of Plaintiff's Complaint. LNRS denies any remaining allegations in paragraph 13.

14. LNRS denies the allegations in paragraph 14 of Plaintiff's Complaint relating to when Plaintiff discovered certain alleged facts for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 14 of Plaintiff's Complaint.

15. LNRS denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. The allegations in paragraph 16 of Plaintiff's Complaint refer to a document, which speaks for itself. To the extent that the allegations in paragraph 16 vary from the text of the document itself, they are denied. No answer is necessary to the remaining allegations in paragraph 16 of Plaintiff's Complaint because they only contain legal conclusions. To the extent those remaining allegations are contrary to law, they are denied.

17. LNRS denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. The allegations in paragraph 18 of Plaintiff's Complaint refers to a document, which speaks for itself. To the extent that the allegations in paragraph 18 vary from the text of the document itself, they are denied.

19. The allegations in paragraph 19 of Plaintiff's Complaint refer to documents, which speak for themselves. To the extent that the allegations in paragraph 19 vary from the text of the documents themselves, they are denied. LNRS denies any remaining allegations in paragraph 19 of Plaintiff's Complaint.

20. LNRS admits that Plaintiff called its consumer center on February 28, 2023. LNRS further admits that during the call, Plaintiff conference called another individual that he claimed was a clerk of magistrate court. The allegations in paragraph 20 of Plaintiff's Complaint refers to a document, which speaks for itself. To the extent that the allegations in paragraph 20 vary from the text of the document itself, they are denied. LNRS denies the remaining allegations in paragraph 20 of Plaintiff's Complaint.

21. LNRS denies the allegations in paragraph 21 of Plaintiff's Complaint relating to when Plaintiff discovered certain alleged facts for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 21 of Plaintiff's Complaint.

22. The allegations in paragraph 22 of Plaintiff's Complaint refer to documents, which speak for themselves. To the extent that the allegations in paragraph 22 vary from the text of the documents themselves, they are denied.

23. The allegations in paragraph 23 of Plaintiff's Complaint refer to a document, which speaks for itself. To the extent that the allegations in paragraph 23 vary from the text of the document itself, they are denied.

24. LNRS denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. No answer is necessary to the allegations in paragraph 25 of Plaintiff's Complaint because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

26. LNRS denies the allegations in paragraph 26 of Plaintiff's Complaint.

## PLAINTIFF'S DAMAGES

LNRS admits that Plaintiff seeks damages on his DTPA and TCCRA claims, including seeking treble damages. LNRS denies that Plaintiff is entitled to any damages or any relief whatsoever.

## JURY TRIAL DEMAND

LNRS admits that Plaintiff purports to demand a trial by jury. LNRS denies any remaining allegations in the "Jury Demand" section of Plaintiff's Complaint.

LNRS denies all the remaining allegations in Plaintiff's Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiff for any of the requests for relief set for in Plaintiff's Complaint.

## CONDITIONS PRECEDENT

LNRS asserts all conditions precedent have not been met.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that LNRS bears the burden of proof as to any of them, LNRS asserts the following additional defenses. LNRS intends to rely on any other defenses that become available or apparent

during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including, but not limited to, those defenses listed in Federal Rule of Civil Procedure 8(c).

### FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

### SECOND ADDITIONAL DEFENSE

Any recovery that Plaintiff may receive is subject to a set off if any damages are awarded against LNRS, in the amount of damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. LNRS is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### THIRD ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by LNRS, and those third parties were the sole cause of any such damages.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which are the sole cause of any such damages.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorneys' fees, costs, or any other relief.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to prevent damages, if any, and failed to mitigate any such alleged damages.

## NINTH ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to recover under Texas law.

## TENTH ADDITIONAL DEFENSE

Plaintiff's claim under the TCCRA fail to the extent that LNRS, at all times relevant to Plaintiff's claims, followed reasonable procedures to assure that previously reported inaccurate information in a consumer's file is corrected in a prompt and timely fashion.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff's claim under the DTPA fails because Plaintiff is not a "consumer" as defined by the DTPA with respect to any alleged consumer reports provided by LNRS.

## TWELFTH ADDITIONAL DEFENSE

LNRS reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, LNRS requests this Court enter a judgment:

1. denying Plaintiff any and all relief in this case;

2. dismissing Plaintiff's claims in their entirety;

3. dismissing this case with prejudice;

    4. awarding LNRS its costs and attorneys' fees incurring in this case; and

    5. granting LNRS all other remedies that the Court deems just and proper.

Dated: April 28, 2023                Respectfully submitted,

By: */s/ Xerxes Martin*
Eugene Xerxes Martin, IV
Texas Bar No. 24078928
MARTIN LYONS WATTS MORGAN PLLC
8750 N. Central Expressway
Dallas, Texas 75231
Telephone: (214) 346-2628
Email: xmartin@mamlaw.com

*Attorney for Defendant LexisNexis Risk Solutions Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, the foregoing was filed electronically with the Clerk of Court using the CM/ECF and sent via U.S. Mail to the following:

Terrence Gore
1500 Silver Creek Drive
DeSoto, Texas 75115
(214) 414-6306
tmgore972@gmail.com
*Pro se*

*/s/ Xerxes Martin*
Xerxes Martin